JOHN M. PETERSON v. MARGARET BRAY ET AL.

SUPERIOR COURT            FAIRFIELD COUNTY            FILE No. 74247

Memorandum filed March 15, 1950.

*Nevas, Nevas & Robinson,* of South Norwalk, for the Plaintiff.

*Pullman & Comley,* of Bridgeport, for the Defendants.

MURPHY, J. During the entire period of time that the defendant Christina Till has been the record owner of the property known as the "Bray Stone House" at Sasqua Hills, East Norwalk, the only incident of ownership which at all buttresses the record, is her claim that she furnished the money in 1935 that purchased the lot upon which the house was subsequently built. As opposed to that there is an endless chain of acts and circumstances that completely engulf that one isolated incident and result in the conviction that Miss Till was acting for her sister Mrs. Bray and took title as "dummy or straw man" for her.

At that time, the defendant Mrs. Bray was involved in considerable litigation and financial difficulties. She was the owner of an undivided one-third interest in lot No. 18 in the Sasqua Hills Development. Title to the full interest was conveyed to the defendant, Christina Till, by warranty deed. That instrument and the oral testimony of both defendants that the purchase price of $2000 for the lot was paid by Miss Till is all the evidence submitted to bolster her claim of ownership. She made no claim of any other contribution in work, labor, super-

vision, management or direction of the development of the property or the construction of the house, other than an outlay of $500.00 for the foundation.

Mrs. Bray handled all of the details in connection with the erection of the house and since its completion, has leased the property, sometimes in her own name and at least once as attorney for Miss Till. She has received all of the income from the rentals, has banked the rent in a savings account which she carries in her maiden name of Margret Till and has not accounted to or turned over any of the money to Christina. Also, she has listed the property with real estate agents as her own and it is generally known as her property.

It is my conclusion that Margret Bray (whose given name is also spelled Margaret) is the equitable and real owner of this property and that she placed the title in the name of her sister to avoid creditors when she was beset by legal difficulties.

It was curious to note that the power of attorney by Miss Till to Mrs. Bray for the purpose of obtaining a construction mortgage was executed June 21, 1935, but the property was not conveyed to Miss Till until July 29, 1935.

The plaintiff leased the property from Mrs. Bray on August 21, 1943, for one year from October 1, 1943, at a monthly rental of $110.00. The property was described as "her stone residence and grounds at Sasqua Hills, East Norwalk, Conn." It further provided for a privilege of renewal for another year and gave the plaintiff the right after the first year (October 1, 1944) to meet any offer to purchase the property and gave him three days' time to accept or reject the privilege of purchasing at the figure offered.

On August 23, 1944, a renewal lease for another year was executed. It provided three days' time to purchase the property by the plaintiff if an offer was received by Mrs. Bray and the plaintiff met that price.

When the property was first leased to the plaintiff, Mrs. Bray offered to sell it to him for $16,000. On February 20, 1945, she wrote him that she had received an offer of $20,000, and gave him the three days' notice provided in the lease. He phoned her the same day and accepted the offer.

The following day he visited the town hall and also the mortgagee in Greenwich and for the first time found out that the property stood in the name of Miss Till rather than in Mrs.

Bray's name and that Miss Till was in Europe. Returning to East Norwalk he phoned Mrs. Bray and told her what he had found out. She told him not to be concerned as a Darien attorney had a power of attorney to sell and she would make the necessary arrangements. On February 23 the plaintiff wrote Mrs. Bray (Ex. 3). The attorney refused to act under the power of attorney. Mrs. Bray assured the plaintiff that her sister would return in several months. He continued to pay the same monthly rental, awaiting Miss Till's return and the delivery of the deed.

Had it not been for the rise in prices in the real estate market I feel confident that upon Miss Till's return the transaction would have been consummated. In May, 1946, Mrs. Bray claimed to have an offer of $27,000 and asked the plaintiff to move in six months. He refused as he was awaiting Miss Till's return and the completion of the sale at the agreed price. Then Mrs. Bray offered to take $27,000 from him. Miss Till came back in October, 1946. This suit followed an unsuccessful attempt to evict the plaintiff by summary process.

. The plaintiff was ready, willing and able to take title in February, 1945. The description of the property in the lease was sufficient under the Statute of Frauds. The plaintiff accepted the offer to sell at $20,000. It was through no fault of his that the transaction was not closed without delay.

The defendants' claim that the plaintiff failed to tender the purchase price, failed to complete the purchase within three days and that his letter of February 23, 1945, constituted a counter offer appear to be technical defenses that evolved from the situation created by the defendants' own machinations. The reason for their advancement is obvious. $27,000.00 is much more attractive than $20,000.00. For $7,000.00 who couldn't be technical?

Judgment will enter that the defendants convey the premises described in paragraph 1 of the complaint to the plaintiff within fifteen days of final judgment for the price of $20,000.